**Electronically Filed
Intermediate Court of Appeals
30647
31-JAN-2011
11:09 AM**

NO. 30647

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF RANDOLPH STEVEN MOUSSER,
also known as RANDOLPH S. MOUSSER,
also known as RANDOLPH MOUSSER, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 09-1-0309)

ORDER DISMISSING APPEAL
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Petitioner-Appellant Shandi Marie Kamalani Mousser (Appellant Shandi Mousser) has asserted from the probate court's[1] June 29, 2010 "Order Granting in Part and Denying in Part Petitioner's Petition to Transfer from Informal Probate Without Will to Formal Probate, to Admit Holographic Will to Probate, for Family Allowance and Other Equitable Remedy Filed November 13, 2009" (the June 29, 2010 interlocutory order) because the June 29, 2010 interlocutory

---

[1] The Honorable Derrick H.M. Chan presiding.

order is not appealable pursuant to Hawaiʻi Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) and Rule 34 of the Hawaiʻi Probate Rules (HPR).

HRS § 641-1(a) authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HPR Rule 34 generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure.
>
> (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawaiʻi Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawaiʻi Rules of Appellate Procedure applicable to civil actions.

"Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Haw. Rev. Stat. Ann. Court Rules, HPR Rule 34

cmt. (Michie 2010). Under Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Therefore, under HRS § 641-1 and HPR Rule 34, a probate court order is eligible for appellate review only if the probate court either

(a)     reduces the order to a separate and final judgment pursuant to HPR Rule 34(a),

(b)     certifies the order for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP) pursuant to HPR Rule 34(a), or

(c)     certifies the order for appeal in accordance with HRS § 641-1(b) pursuant to HPR Rule 34(b).

On September 23, 2010, the appellate court clerk filed the record on appeal for Appeal No. 30647, at which time the record on appeal did not contain a separate and final judgment, as HPR Rule 34(a) requires for an appeal. The probate court has not certified the June 29, 2010 interlocutory order in the manner provided by HRCP Rule 54(b). The probate court has not certified the June 29, 2010 interlocutory order for an interlocutory appeal in accordance with HRS § 641-1(b). Therefore, the June 29, 2010 interlocutory order is not eligible for appellate review pursuant

to HRS § 641-1(a) and HPR Rule 34.

Although common law exceptions to the final judgment requirement exist under <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848), (the <u>Forgay</u> doctrine) and the collateral order doctrine, the June 29, 2010 interlocutory order does not satisfy all of the requirements for appealability under the <u>Forgay</u> doctrine or the collateral order doctrine. See <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

Absent an appealable judgment or an appealable order that satisfies the requirements for an appeal under HRS § 641-1(a) and HPR Rule 34, this appeal in appellate court case number 30647 is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 31, 2011.


Presiding Judge


Associate Judge


Associate Judge